## BULKELEY v. F. F. WOOD MOTOR CO.
### No. 6450.

Circuit Court of Appeals, Sixth Circuit.
Dec. 11, 1934.

F. E. Liverance, Jr., of Grand Rapids, Mich., for appellant.

William J. Belknap, of Detroit, Mich. (William F. Connolly, William H. Gross, and Whittemore, Hulbert, Whittemore & Belknap, all of Detroit, Mich., on the brief), for appellee.

Before HICKS and SIMONS, Circuit Judges, and TAYLOR, District Judge.

HICKS, Circuit Judge.

Suit for infringement of claim 2[1] of Bulkeley patent No. 1,765,714 for an automobile top. The defenses were invalidity and noninfringement. The District Court held the claim invalid.

The patent relates to improvements in folding tops for automobiles of the coupé and cabriolet type. According to the application, the primary object and purpose is to provide a top which when completely raised covers the front portion of the car, but which may be adjusted to a second position covering only the seat and to a third position at the rear of the seat where it rests in compact folds upon stops on the body of the car. The alleged novelty and utility of the patent are, first, that the top may be operated easily and quickly by the driver without moving from the seat; and, second, that, when it is brought to rest in its low or third position, he can, by the use of the rear-vision mirror, see back of him more readily than was possible with former devices of a similar type.

The principal elements of the claim are: (1) A windshield; (2) a door opening; (3) a door; (4) a bow, constituting a vertical side of the opening; (5) a top structure associated with the bow and extending rear-wardly therefrom; (6) a detachable bar connected to the upper edge of the windshield; (7) a flexible covering extending between and attached to the bow and bar; (8) top tightening devices extending between and attached at their respective ends to the bar and bow and jointed between the ends for folding; and (9) flexible weather strips free of the tightening devices and extending between and attached at their respective ends to the bar and bow and located horizontally across, and forming, the top of the door opening and engaging the upper edge of the doors when they are closed.

In the prior construction of automobiles of the cabriolet or coupé type, the top could be raised to its upright position or could be folded at the rear of the seat. Appellant's construction provided for a third or intermediary position, in which the top was partially folded. This was accomplished through the operation of the top tighteners found in the eighth element of the claim, consisting of toggle braces positioned above the door and extending horizontally between the bow, element 4, and the detachable bar, element 6, of the claim. There was a toggle brace for each side of the car, consisting of two arms, jointed to break inwardly. The front arm of the toggle link was attached to the bar by a pivotal connection and the other to the bow by a universal joint. In the second position, when the bar was detached from the windshield and the toggle braces broken inwardly and downwardly, the top might be folded so that the detached bar rested upon or within the bow constituting the vertical side of the opening. In the next fold or third position the bar and the bow overlapped an intermediate bow not mentioned in the claim but shown in the drawings, and the whole came to rest upon a stop member located at a point upon the rear of the car. Thus the Victoria position disclosed in the patent is made possible; and the folds in the third position are not more than two bows in height and the range of vision to the rear measurably broadened.

1 "2. The combination with an automobile body having a windshield, a door opening and a door for said opening, of a collapsible top for said body comprising a bow located adjacent said door opening and constituting a vertical side of said opening, a top structure associated with said bow and extending rearwardly therefrom, a bar detachably connected to the upper horizontal edge of said windshield, a flexible top covering extending between said bow and said bar and attached re-spectively to said members, top tightening devices extending between and attached at their respective ends to said bar and said bow and jointed between their ends for folding, and a flexible weather strip free of said top tightening devices and extending between and attached at its respective ends to said bar and said bow and located horizontally across and forming the top side of said door opening and engaged by the upper edge of said door when the door is closed."

**4**

But all this is accomplished without element 9 of the claim; i. e., "a flexible weather strip." It performs no function in folding, and serves simply as a weather strip when the top is raised and the door closed. It would answer exactly the same purpose in the same way in combination with either a folding or nonfolding type of canopy. There is no co-operative relationship between it and the other elements of the patent except that it engages the top of the door and is held in place by its end connections to the front bar and to the front side of the vertical bow. The weather strip is old. Paquette v. Potter Mfg. Co., 46 F.(2d) 271, 272 (C. C. A. 6).

"To put weather strips on a window or door, to prevent the ingress of cold air or the escape of warm air, does not involve invention, any more in the thought than in the means employed." Wills v. Scranton Cold Storage & Warehouse Co., 153 F. 181, 183 (C. C. A. 3).

Further, the extension of a weather strip horizontally across the top of a door opening, to engage the door when it is closed, is old. Ford Motor Co. v. Ohio Stamping & Engineering Co., 56 F.(2d) 807 (C. C. A. 6).

Nor does it constitute invention to attach the respective ends of the strip to the bar and bow any more than it does to attach the strip itself to the lower edge of the canopy as in the case just cited. The strip forms no part of appellant's operating device for folding, and the claim fails because there is no true combination of its elements. See Gas Mach. Co. v. United Gas Imp. Co., 228 F. 684, 689 (C. C. A. 6).

The decree is affirmed.